## Bitter Root Stock Farm, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 5777.   Promulgated January 21, 1928.

*Spotsworth D. Bowers, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

Van Fossan: The sole question to be determined in this appeal is the value of the seven tracts of land owned by the petitioner on March 1, 1913.

The depositions of four witnesses were introduced in evidence in behalf of petitioner. Each of these witnesses, qualified by virtue of his experience and knowledge of the properties here in question, gave opinion testimony concerning the value of the various tracts of land as of March 1, 1913. At the hearing petitioner's general manager, Charles A. Crawford, who had held that position from some years prior to 1913 to the present time, and who had personal knowledge of all the sales of land by petitioner, gave opinion testimony concerning the value of the various tracts of land in question as of March 1, 1913, supporting his testimony by reference to numerous sales of similar land. Each of these five witnesses was of the opinion that the March 1, 1913, value of the seven tracts of land was greater than the sale price in 1919 or 1920. This decrease in value was attributed in part to general 1919 conditions, but more to the fact that from 1912 to 1914 there was a land boom in this particular section.

No contradictory evidence was furnished by the respondent with respect to the March 1, 1913, value of the tracts of land in question, but it was contended that the value at which the land was carried by petitioner on its books, namely, $34,102.63, should be used as the basis for determining the gain or loss on the lands sold during the fiscal year 1920. The mere fact that the increase in value had not been entered upon petitioner's books does not preclude proof of March 1, 1913, value. Book entries are not conclusive. *Doyle* v. *Mitchell Bros. Co.*, 247 U. S. 179.

Upon the uncontroverted evidence in the case, we are of the opinion that the property designated as the 1,958.19 acres of land had an average value at March 1, 1913, of at least $70 per acre, and that the property designated as the town lot had a value at March 1, 1913, of $750. It follows that upon its sale during the fiscal year

ended March 31, 1920, for an aggregate sum of $131,782 no profit was realized.

*Judgment will be entered on 15 days' notice, under Rule 50.*